UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA CHRISTOPHER ROBERTS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2826** |
| **CORRECT HEALTH, ET AL.** | **SECTION "H"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual and Procedural Background

Plaintiff Joshua Christopher Roberts ("Roberts") was an inmate housed in the Lafourche Parish Detention Center when he submitted this *pro se* complaint under 42 U.S.C. § 1983 and challenging the conditions of his confinement.[1]  ECF No. 1 (Deficient Complaint).  Roberts did not pay the filing fee or submit an application to proceed *in forma pauperis*.

On October 4, 2022, the Clerk of Court sent Roberts a notice of these deficiencies which required that he either pay the filing fee or submit a certified pauper application within twenty-one (21) days of the date of the notice.  ECF No. 4.  The envelope containing the notice has not been returned as undeliverable, and Roberts has not responded.

On October 4, 2022, the undersigned Magistrate Judge issued a Show Cause Order for Roberts to show cause in writing by October 24, why his complaint should not be dismissed for

---

[1] Roberts initially submitted his complaint to the United States District Court for the Middle District of Louisiana.  ECF No. 1.  The case was transferred to this Court in its deficient state on August 24, 2022.  ECF No. 3.

his failure to prosecute in failing to correct the deficiencies. ECF No. 5. The envelope containing the Show Cause Order was mailed to Roberts at his prison address of record. On October 18, 2022, the envelope was returned marked as undeliverable with the notation, "Return to Sender – Not Deliverable as Addressed – Unable to Forward." ECF No. 6.

## II.     **Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, plaintiff is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

Furthermore, all litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. "[T]he failure of a pro se litigant to notify the district

court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007). This policy was adopted in EDLA Local Rule 41.3.1 which specifically provides that a pro se litigant's failure to notify the Court of a postal address change within 35 days of the Court's receipt of returned mail may be considered cause for dismissal for failure to prosecute. In addition, the complaint form used by plaintiff to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." ECF No. 1, at 6 (Plaintiff's Declaration, §VI, No. 2).

### III. Analysis

As noted above, Roberts has not paid the filing fee or filed a request for leave to proceed *in forma pauperis*. He has left this case filing incomplete and has not contacted the clerk or the Court about this case. He also has not provided the Court with his current address,[2] and more than 35 days have passed since mail to him was returned as undeliverable on October 18, 2022.

Roberts's failure to provide this information has impeded the Court's ability to move forward with this case. For these reasons, Roberts's § 1983 complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

### IV. Recommendation

It is therefore **RECOMMENDED** that Joshua Christopher Roberts's § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

---

[2] In his original complaint, Roberts included his civilian home address to the Court. The Court will therefore direct the clerk to provide a copy of this report to Roberts as his address of record and his home address.

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this  7th  day of December, 2022.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY PLAINTIFF AT**
**HIS PRISON ADDRESS OF RECORD**
**AND AT THE FOLLOWING ADDRESS:**
**Joshua Christopher Roberts**
**133 Kajun Street**
**Gray, LA 70359**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.